## DIAMOND v. BERMAN.
### Civ. No. 117–48.

United States District Court
District of Columbia.

Jan. 3, 1951.

See also 60 N.Y.S.2d 339.

Eliot C. Lovett, Joseph A. Cantrel, Washington, D. C., for plaintiff.

Orin deMotte Walker, Washington, D. C., for defendant.

TAMM, District Judge.

This case being before the court on motion for summary judgment, it appears from the proceedings that the plaintiff has obtained a judgment in the Supreme Court of New York County, New York, on June 19, 1947, which is the basis for the present action. Defendant opposes the motion for summary judgment in this jurisdiction and claims that the judgment in the New York courts was obtained by fraud. Subsequent to the initiation of the action in this District, the defendant filed a motion in the New York Courts calling upon the plaintiff to show cause why the judgment in that action should not be set aside and vacated. During the pendency of this motion in the New York courts, the present action was started in this jurisdiction.

On June 26, 1950, the New York court denied the defendant's motion to set aside the judgment and made the following observation:

"Upon the foregoing papers this motion to set aside a judgment consented to in December, 1946, after the withdrawal of defendant's answer in a then pending action. *The matters now presented for setting aside the judgment on the grounds of fraud were contained in detail in the answer in the aforementioned action.* The defendant in all these negotiations has had the advice and counsel of respected and able members of the Bar of this city and the District of Columbia. In compromising and consenting to the judgment he and they acted with the full knowledge that he has to-day. Now, almost four years later and when plaintiff attempts to enforce the judgment, this motion is made. Defendant has had his day in Court."

Recognizing the right in a collateral proceeding to attack a judgment on the ground of fraud in the procurement of the judgment, the court, nevertheless, feels that where the issue of fraud was raised and adjudicated in the court of original jurisdiction, the judgment cannot thereafter be attacked in collateral proceedings in another jurisdiction upon the same grounds utilized in the initial attempted defense of the action. 30 Am.Jur. 920, et sub.

The court finds nothing in the case of Griffith v. Bank of New York, 2 Cir., 147 F.2d 899, 160 A.L.R. 1340, to support the opposition of defendant to plaintiff's motion for summary judgment.

The plaintiff's motion for summary judgment is granted.